[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
It is undisputed that an innocent purchaser employed defendant Scalise to represent him in the purchase of a residence from the defendant Federal Deposit Insurance Corporation, (hereinafter FDIC). The defendant's title certificate omitted the existence of a first mortgage.
FDIC as Successor Receiver to Landmark Bank affirmed the contract to convey title by Quit-Claim Deed to the plaintiff buyer. Landmark Bank secured title by way of foreclosure.
Subsequent to the FDIC sale, the plaintiff, Chicago Title Insurance Company, (hereinafter CTIC) was required under a policy of owner's title insurance to reimburse the injured purchaser to the value of the omitted mortgage.
The plaintiffs' complaint is in several counts against the defendant Scalise for malpractice and the defendant FDIC for breach of contract and unjust enrichment.
No motion for summary judgment was filed against defendant Scalise although he is concededly a responsible party.
The plaintiff (CTIC) and defendant (FDIC) filed cross-motions for summary judgments against each other. The underlying question is whether the FDIC is jointly or partially liable for the plaintiff's losses.
Substantial questions of fact, requiring evidence, were raised by the defendant at argument and in its brief and affidavits. Issues of merger by reason of the use of a quit-claim deed, inapplicability of the doctrine of unjust enrichment because an express contract exists and failure to exhaust administrative remedies raises sufficient questions of disputed facts requiring evidence.
Accordingly, the plaintiff's motion for summary judgment CT Page 1966 against the defendant FDIC is hereby denied.
The defendant's motion for summary judgment is likewise denied because it raises genuine issues of material fact.
Plaintiff CTIC's complaint is in several counts against defendant Scalise for malpractice and the FDIC for breach of contract and unjust enrichment.
The plaintiff has alleged a breach of contract, unjust enrichment and a suggestion of fraud. Manifestly, evidence is required to resolve issues of material facts. Based on the argument and record, the parties, at this juncture, would not be entitled to a directed verdict on the facts submitted.
The plaintiff (CTIC) charges that the defendant (FDIC) profited from an unanticipated windfall. If an unexpected windfall accrued to the FDIC, the party ultimately entitled to restitution must be the defendant Scalise's errors and omissions insurance carrier.
SO ORDERED,
Spada, J.